**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 15 2011 ★

RB:MMS:TK
F.#2010R01310

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

- against -

ISAAC GINDI and
DANIEL BADDOUCH,

                    Defendants.

- - - - - - - - - - - - - - - - -x



I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C.,
§§ 981(a)(1)(C),
982(a)(2)(A), 982(b)(1),
1014, 1343, 1349, 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))



THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

        At all times relevant to this Indictment, unless

otherwise indicated:

I.    <u>The Defendants and Montecarlo LLC</u>

        1.    The defendant ISAAC GINDI, a resident of Brooklyn,

New York, registered Montecarlo LLC ("Montecarlo") with the State

of New Jersey Department of Treasury ("NJDOT") on or about May

11, 2010.  Previously, Montecarlo was known as RDB Wholesale LLC

("RDB"), a company located in Jersey City, New Jersey.  However,

on or about May 11, 2010, GINDI officially changed the name of

the company to Montecarlo when he registered it with the NJDOT.

        2.    The defendant DANIEL BADDOUCH, a resident of

Lakewood, New Jersey, assisted GINDI in applying for various

loans, including those in the name of Montecarlo.

II.  <u>The Victim Financial and Lending Institutions</u>

3.  Citibank, N.A. ("Citibank") was a federally chartered bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.

4.  Barclays Bank Delaware ("Barclays") was a state chartered bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.

5.  American Express Bank, FSB ("AMEX FSB") was chartered as a Savings Association, the deposits of which were insured by the Federal Deposit Insurance Corporation.

6.  Discover Bank ("Discover") was a state chartered bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.

7.  JP Morgan Chase Bank, N.A. ("JPMorgan Chase") was a federally chartered bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.

8.  Toyota Motor Credit Corporation ("Toyota"), a subsidiary of the Toyota Motor Corporation, processed leasing applications for prospective lessees of Toyota vehicles and determined whether such lessees qualified for Toyota leases.

9.  Marquis Auto ("Marquis") was an automobile brokerage located in Brooklyn, New York that assisted customers obtain leases for Toyota vehicles, among others.  Marquis

2

submitted lease applications on behalf of its customers to Toyota based upon information provided to Marquis by those customers.

The Various Schemes to Defraud

## III. The Montecarlo-Mejia Scheme

10.   In or about April 2010, the defendant ISAAC GINDI purchased RDB from another individual.  Shortly after changing RBD's name to Montecarlo and registering Montecarlo with the NJDOT, the defendant ISAAC GINDI filed a "Notice of Change" with the NJDOT listing an individual named Angel Mejia as Montecarlo's president.  Subsequently, the defendants applied for loans and credit cards in the names of Montecarlo and Angel Mejia.  At the time the defendants executed the applications in support of these loans and credit cards, they well knew and believed that: (1) Montecarlo was a shell corporation that was solely used to apply for loans, the proceeds of which the defendants intended to use for their personal benefit; (2) Angel Mejia had no affiliation with Montecarlo and was unaware that his name and other personal information were being used in furtherance of a loan for Montecarlo; and (3) Angel Mejia was unaware that his name and other personal information were being used by the defendants to apply for various credit cards.  The defendants executed this scheme to fraudulently obtain money and property that they would not have otherwise been able to obtain.

3

a.   <u>Citibank Business Loan Application</u>

11.   As part of the scheme, the defendants knowingly submitted a fraudulent loan application to Citibank requesting a business loan for Montecarlo.  This application purported to be signed by Mejia, who was listed on the application as Montecarlo's president.  The application falsely stated that Montecarlo's annual sales exceeded $3,000,000.  At the time the application was submitted to Citibank, the defendants well knew and believed that Mejia was not serving as the president of Montecarlo, that Montecarlo's annual sales were less than $3,000,000 and that Mejia had not signed the application.

b.   <u>Credit Card Applications</u>

12.   As part of the scheme, the defendants submitted fraudulent credit card applications to Barclays, AMEX FSB and Discover, in which Mejia was falsely listed as the purported recipient and user of the requested credit cards.  At the time the applications were submitted to the banks, the defendants well knew and believed that Mejia would not be the actual recipient or user of the credit cards.

IV.  <u>The Toyota-Lease Scheme</u>

13.   The defendant ISAAC GINDI, from his home in Brooklyn, sent numerous emails to Marquis in an effort to obtain a lease agreement for a Toyota Highlander in Angel Mejia's name. These emails, which traveled in interstate commerce, were

4

purportedly sent by Mejia and were intended to convey the impression that Mejia had agreed to lease the Highlander, when in fact GINDI well knew and believed that Mejia had not agreed to lease the Highlander and that Mejia was unaware that his name and other personal information were being used to obtain this lease.

V.   The Home-Mortgage Scheme

14.   On or about June 30, 2008, the defendant ISAAC GINDI, in his own name, submitted a residential loan application containing false information to JPMorgan Chase in an effort to obtain a mortgage loan for his home in Brooklyn, New York.   In particular, in order to appear more creditworthy, GINDI falsely stated in the loan application that he earned $13,000 per month, when he then and there well knew and believed that his monthly income was less than that amount.

COUNT ONE
(Conspiracy to Commit Bank Fraud)

15.   The allegations contained in paragraphs 1 through 14 are hereby realleged and incorporated as if fully set forth in this paragraph.

16.   On or about and between September 1, 2009 and June 30, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ISAAC GINDI and DANIEL BADDOUCH, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Citibank,

5

Barclays, AMEX FSB and Discover, and to obtain money, funds and credits owned by, and under the custody and control of, Citibank, Barclays, AMEX FSB and Discover, by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS TWO AND THREE
(Wire Fraud)

17.   The allegations contained in paragraphs 1 through 14 are hereby realleged and incorporated as if fully set forth herein.

18.   On or about and between May 1, 2010 and June 30, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ISAAC GINDI, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

19.   For the purpose of executing such scheme and artifice, the defendant ISAAC GINDI, together with others, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, as indicated below:

| Count | Approximate Date | Type of Communication | From | To |
|-------|------------------|----------------------|------|-----|
| THREE | June 8, 2010 | E-mail sent from New York and routed through Massachusetts | ISAAC GINDI | Marquis |
| FOUR | June 14, 2010 | E-mail sent from New York and routed through Massachusetts | ISAAC GINDI | Marquis |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT FOUR
### (False Loan Application)

20.   The allegations contained in paragraphs 1 through 14 are hereby realleged and incorporated as if fully set forth herein.

21.   On or about June 30, 2008, within the Eastern District of New York and elsewhere, for the purpose of influencing the action of a financial institution, to wit: JPMorgan Chase, the defendant ISAAC GINDI, together with others, did knowingly and intentionally make and cause to be made a materially false statement, to wit: a false representation in a residential loan application concerning his monthly income.

(Title 18, United States Code, Sections 1014, 2 and 3551 et seq.)

7

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND FOUR

22.   The United States hereby gives notice to the defendants charged in Counts One and Four that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

23.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

8

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(2)(A); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS TWO AND THREE

24. The United States hereby gives notice to the defendant ISAAC GINDI that, upon his conviction of either of the offenses charged in Counts Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendant ISAAC GINDI:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

9

(e)   has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

10

FORM DBD.34
JUN.85

NO.

# UNITED STATES DISTRICT COURT

<u>EASTERN</u>   District of___<u>NEW YORK</u>___

## THE UNITED STATES OF AMERICA

vs.

ISAAC GINDI and DANIEL BADDOUCH

Defendant(s).

## I N D I C T M E N T

(T. 18, U.S.C., §§ 981(a)(1)(C), 982,(a)(2)
(A), 982(b)(1), 1014, 1343, 1349, 2 and
3551 <u>et seq</u>.; T. 21, U.S.C.,§ 853(p);
T. 28, U.S.C., § 2461(c))

A true bill.

_____
                                                    Foreman

Filed in open court this_____day.
Of_____ A.D. 19_____

_____
                                                    Clerk

Bail, $_____

Todd Kaminsky, AUSA  (718) 254-6367